**STATE, DEPARTMENT OF TAXATION, Plaintiff-Appellant, v. TOKMENKO, d. b. a. CARL'S DRIVE INN, Defendant-Appellee.**

Ohio Appeals, Eighth District, Cuyahoga County.

No. 25105. Decided March 29, 1960.

Mark McElroy, Atty. Genl., Michael P. O'Brien, Christopher Nardi, George Lowy, Asst. Attys. Genl., for plaintiff-appellant.

Sheldon P. Weitzman, for receivers.

Fred J. Livingstone, for defendant-appellee.

(FESS, PJ, of the Sixth District, YOUNGER and GUERNSEY, JJ, of the Third District, sitting by designation in the Eighth District.)

464

## OPINION

By GUERNSEY, J.

This is an appeal on questions of law from a judgment of the Common Pleas Court taxing to the State of Ohio, as costs, all of the expenses of a receivership. The State of Ohio had numerous sales tax judgments against the defendant, and in an action wherein these judgments were consolidated for collection prayed that the lower court appoint a receiver of the property, assets and business conducted by defendant and to operate defendant's drive-in restaurant business "for a reasonable time in order to facilitate the liquidation of any assets which may be reasonably sold." After notice to the defendant and hearing receivers were appointed "of all the property, real and personal, equitable interests and things in action, belonging to said defendant, Carl Tokmenko." The receivers operated the business for the period of approximately one month, and when it was determined that it was being operated at a loss, the receivers sought and the court ordered the termination of the operation of the business. The receivers pursuant to court order, then filed an inventory and appraisal of the assets of the business, but the court, concluding that a sale would not be beneficial to the creditors, ordered the assets returned to the possession of the defendant, Carl Tokmenko, and ordered the expenses of the receivership, itemized as follows, together with the other costs of the action, paid by the State of Ohio as costs of the action:

| | |
|---|---|
| Fees of receivers and their attorneys | $500.00 |
| Reimbursement to receivers for withholding taxes paid out of pocket | 89.42 |
| Rent to owners of land | 350.00 |
| Salary due to business manager | 450.00 |
| Appraisers fees | 50.00 |
| Receivers' miscellaneous expenses | 33.04 |
| Total | $1,472.46 |

The only counsel appearing and arguing this appeal, other than the attorney for the State of Ohio, were counsel, respectively, for the landowners and for the receivers.

The trial court, in its opinion, and counsel for the landowners and the receivers, in their briefs and arguments on appeal, take the position that this case is governed by the case of **Richey v. Brett, 112 Oh St 582,** wherein the Supreme Court held:

"Parties who invoke the jurisdiction and process of a court for the appointment of a receiver by sufficient allegations and showing of necessity therefor, resulting in such appointment, do not become personally liable for the compensation of the receiver and the expenses of administration of an insolvent concern, in the absence of special cir-

cumstances calling for the application of equitable principles creating such liability. Such debts and expenses are ordinarily payable out of the corpus of the property."

This is no doubt the existing law on the subject but in his opinion, concurred in by five of the remaining members of the Court, Chief Justice Marshall more fully emphasizes the ordinary rule applicable by the following statements, p. 586-7:

"In nearly all cases in which this principle has been declared, facts and circumstances were shown to the effect that the assets of the insolvent concern were exhausted, and that the connection of the plaintiffs in the action was such as to make it inequitable not, to hold them responsible for a deficiency. **It may be further conceded that under any and all circumstances such expenses and losses should be made a charge against the corpus of the property in the custody of the receiver.**" (Emphasis added.)

Ergo, if the receivers herein had sufficient corpus in their possession with which to pay the expenses of the receivership the trial court would have erred by charging any of the costs to the plaintiff State of Ohio. The attorneys for the landowners and for the receivers would have this court believe that all of the chattel property which came into the hands of the receivers belonged, in fact and as a matter of law, to one Alan M. Wolk, who purportedly purchased same at a municipal court bailiff's sale in June, 1958, and then rented the property to the defendant, Carl Tokmenko. Although the trial court in its opinion states that "it develops that the assets listed in the receiver's inventory are now claimed by Alan M. Wolk" and that "no fund has been brought into court," the trial court does not conclude in his opinion that any of the property does, in fact or in law, belong to Wolk, and Wolk's claim of title, whatever it may be, is neither allowed nor mentioned in the journal entry in which the trial court orders the receivership terminated and the expenses paid by the State as costs. As to the property in the hands of the receivers the trial court orders "that the receivers be and hereby are ordered to return all said assets and property in their possession to the debtor Carl Tokmenko, d. b. a. Carl's Drive Inn." Wolk's claim was therefore never adjudicated.

However, notwithstanding whether or not Wolk's claim was adjudicated, and notwithstanding that there is no bill of exceptions filed in this appeal, the original papers filed in the trial court reveal that in the inventory and appraisement of the debtor's estate, filed by the receivers on October 2, 1959, there were included three items, namely, one wooden building, one garage, and one cement block storehouse, of the total appraised value of $3,520.00. Wolk in his written "objection" filed in the trial court claims to be the owner of only the following:

"Counter, 10 stools, four tables, 16 chairs, coffee hot plate, cash register, radio, range, two refrigerators, cook's worktable, Cory coffee grinder, two burner hot plate, meat grinder and other fixtures and equipment and stock."

He does not claim to be the owner, in any respect, of the wooden building, garage, and storehouse included in the inventory, and there is no other claim filed by anyone as to ownership of these items. It may

be concluded that title to these items of property is still in the name of defendant debtor. Neither of the chattel mortgagees claims any lien on the cement block storehouse (appraised at $300.00) and it should be first applied to the expenses of the receivership. Notwithstanding the fact that one of the mortgagees, S. A. Roth, claims a lien on a "1 Car Garage" and a "Building Housing Restaurant" such lien alone does not exempt such property from at least the expense of the custody and preservation thereof in the hands of the court. **Brown v. Winterbottom, 98 Oh St 127, at page 133.** And if it is determined by the trial court that the chattel mortgagee acquiesced and took part in the receivership proceedings the mortgaged property of the debtor may be subjected to the expenses of the receivership even beyond the mere expenses of custody and preservation of the property. **Press & Plate Co. v. C. F. Presse Co., 72 Oh Ap 35.**

It therefore appears that the trial court arrived at an erroneous conclusion in its opinion that "no fund (corpus) has been brought into court," and that in its judgment it committed error by taxing all of the expenses of the receivership against the State of Ohio. Before the trial court could tax expenses to the State of Ohio in the manner provided in the case of Richey v. Brett, supra, all of the unencumbered assets of the defendant, not exempt from execution, should be first applied to expenses of the receivership, encumbered assets should be then applied to the extent of the expenses pertaining to their custody and preservation, and encumbered assets should then be applied to the expenses of the receivership if the court should determine that the owner of the lien acquiesced in and took part in the receivership proceedings. It does not appear that these latter matters were determined by the trial court.

For the error of the trial court in taxing all of the expenses of the receivership against the plaintiff, State of Ohio, the judgment of the trial court is reversed and this cause is remanded to the trial court for further proceedings according to law.

As the manner and order of the assessment of expenses is reopened by the reversal of the judgment of the trial court we feel the necessity of observing that for all that appears in the original papers, docket and journal entries, before us, it does not appear that the receivers, although ordered to do so, made any attempt to reduce to possession, account for, inventory or appraise any of the assets of the defendant debtor except those pertaining solely to the business which he had been conducting. It would appear that all of the claims against him by the plaintiff, or any of the other creditors herein noted, were claims made against him as an individual, whether or not he was conducting a business, and whether secured or not, and that non-exempt individual assets, other than business assets, if any there are, would be subject to these claims and would also be subject to, and should be subjected to, the costs of the receivership before any of such costs should be charged against mortgaged property belonging to the debtor or against the plaintiff, State of Ohio.

FESS, PJ, YOUNGER, J, concur.